IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01720-MSK-KLM

KRISTIN MARIANI, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

TITEFLEX CORPORATION,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Stipulated Motion to Stay All Proceedings and Vacate Scheduling Conference** [#22] (the "Motion"). The parties jointly ask the Court to stay discovery in this case until after the Chief Judge has ruled on their pending Motion to Dismiss [#19], which is currently referred to the undersigned for Recommendation [#24].

Plaintiff initiated this lawsuit on June 28, 2013, based on claims of: (1) strict liability – design and manufacturing defect; (2) negligence – design defect: failure to test; and (3) negligence – failure to warn. *See Compl.* [#1]. Defendants responded to Plaintiff's Complaint with the Motion to Dismiss on December 6, 2013 [#19]. The motion to dismiss asserts several defenses under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The parties jointly seek this stay until after the Court rules on the Motion to Dismiss.

Although the stay of proceedings in a case is generally disfavored, the Court has

discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

      Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that

discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir.2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir.1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C.2001) (same).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiff or Defendant, as both agree to the imposition of the stay. The Court therefore finds that the first and second *String Cheese Incident* factors weigh in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed, especially when the issue of subject matter jurisdiction has been raised regarding all claims in this case. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs

in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant's Motion to Dismiss [#19] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#22] is **GRANTED**.

IT IS FURTHER **ORDERED** that this matter is **STAYED** except insofar as is required to brief and determine the pending Motion to Dismiss [#19].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 7, 2014 at 10:00 a.m. is **VACATED**. It shall be reset, if necessary, after resolution of the Motion to Dismiss [#19].

DATED: December 19, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge