IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01720-MSK-KLM

KRISTIN MARIANI, on behalf of herself and all others similarly situated,

   Plaintiff,

v.

TITEFLEX CORPORATION,

   Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on Defendant's **Motion to Dismiss Plaintiff's Complaint** [#19][1] (the "Motion").  On January 17, 2014, Plaintiff filed a Response [#29] to the Motion.  On February 10, 2014, Defendant filed a Reply [#35].  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion has been referred to this Court for a recommendation regarding disposition [#24].  The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#19] be **GRANTED**.

## I. Summary of the Case

   This case pertains to Kristin Mariani's ("Plaintiff") allegation that Titeflex Corporation ("Defendant") manufactured and supplied defective corrugated stainless steel tubing

_____

[1]   [#19] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Recommendation.

("CSST") which is used in her home.  CSST is a thin, flexible piping used to transport natural gas within homes.  *See Compl.* [#1] ¶ 1;  *Motion* [#20][2] at 2-3.  Plaintiff alleges that the defective CSST increases the risk of fire as a result of lightning strikes and has caused an economic devaluation of her property.  Plaintiff alleges that Defendant improperly designed and manufactured CSST because its thin walls are easily perforated during lightning strikes, which under certain circumstances, may cause a fire.  *See Compl.* [#1] ¶ 3.  She alleges that CSST's presence: (1) creates a substantial and unreasonable risk of physical injury; and (2) has caused an  economic devaluation of her home.  *Id.* ¶¶ 3, 41.

In her Complaint, Plaintiff asserts three claims for relief on behalf of herself and a putative class (the "class") against Defendant for strict liability, negligent design defect, and negligent failure to warn.  *Id.* ¶¶ 45-74.  Pursuant to Fed. R. Civ. P. 23, Plaintiff also seeks class certification, defining the class as "[a]ll persons in the State of Colorado who own a house, or other structure, in which [Defendant's CSST] is installed."  *Id.* ¶ 39.  Plaintiff seeks compensatory damages, along with litigation costs, reasonable attorneys' fees, and interest on any amount awarded.  *Id.* ¶ 74.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Specifically, Defendant argues that: (1) Plaintiff lacks standing to assert all claims because she merely alleges that she *might* be injured if lightning were to strike her home, which insufficiently alleges an injury in fact, *Motion* [#20] at 1, 6, 8; and (2) Plaintiff's claims for relief insufficiently allege that she has suffered economic harm or are barred by the economic loss doctrine, *id.* at 13-14; *Reply* [#35] at 11-12.

---

[2] Defendant filed a Motion to Dismiss [#19] and a Brief in Support of its Motion to Dismiss [#20].  Defendant's substantive arguments are located in its Brief [#20].  The Court will refer to this Brief as "Motion [#20]."

## II. Standard of Review

**A.      Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) attacks a court's subject matter jurisdiction.  The determination of a court's jurisdiction over the subject is a threshold question of law.  *Madsen v. United States ex. rel. United States Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987).  The objection that a federal court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised by a party, or by a court on its own initiative, at any stage in the litigation.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  If at any time, the Court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3);  *Arbaugh*, 546 U.S. at 506.  A 12(b)(1) motion may take two forms: a facial attack or factual attack on the complaint.  When reviewing a facial attack on the complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint pursuant to Rule 12(b)(1), and when the challenge is supported by affidavits and other documents, the Court makes its own factual findings.  *Id.* at 1003.

**B.      Fed. R. Civ. P. 12(b)(6)**

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196,

1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ has] not nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary[. Instead,] the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 (internal citation and quotation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts

4

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

## III. Analysis

### A.      Fed. R. Civ. P. 12(b)(1)

Defendant argues that Plaintiff's Complaint should be dismissed because she lacks standing to assert all three claims in her Complaint.   *Motion* [#20] at 4.   Specifically, Defendant argues that because Plaintiff alleges that the defective CSST in her home creates a "possibility" of future harm, her allegations are too speculative to allege a "certainly impending" injury.   *Id.*   Plaintiff argues that she does not only seek to recover damages for the possibility of future harm, but, rather, also seeks to recover for economic injury that she has *already suffered* because the presence of CSST in her home has devalued it and caused her to lose the benefit of her contractual bargain.   *Compl.* [#1] ¶ 41; *Response* [#29] at 6.

To satisfy Article III of the United States Constitution's standing requirements, a plaintiff must allege that:

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
> (2) the injury is fairly traceable to the challenged action of the defendant; and
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*S. Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-181 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992));   *Wilkenson v. Colo.*, No. 13-cv-01469-CMA-KLM, 2013 WL 6978510, at *6 (D. Colo. Dec. 17, 2013).   Threatened, not just

5

actual, injury can satisfy the injury-in-fact prong.  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  "[O]ne does not have to await the consummation of threatened injury to obtain preventive relief."  *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).  However, "[t]he mere possibility of some future injury" to the plaintiff is insufficient to confer standing.  *See Baker v. Colo.*, No. 11-cv-02578-PAB-KLM, 2012 WL 3744641, at *3 (D. Colo. Apr. 23, 2012) (citing *Tarrant Reg'l Water Dist. v. Herrmann*, No. CIV-07-0045-HE, 2010 WL 2817220, at *2 (W.D. Okla. July 16, 2010).  The injury must be "certainly impending."  *Babbitt*, 442 U.S. at 298.

Here, Plaintiff fails to sufficiently allege that injury resulting from a lightning strike is "certainly impending."  The chain of events necessary for injury to occur is simply too attenuated.  *See Kerin v. Titeflex Corp.*, No. 13-cv-30141-MAP, 2014 WL 67239, at *1 (D. Mass. Jan. 7, 2014) ("[T]he strand of conjecture needed to support [the plaintiff's] causes of action [resulting from a potential lightning strike] is simply too attenuated.").  First, a nearby lightning strike is required.[3]  *Id.*; *see Compl.* [#1] ¶ 22.  Second, the lightning strike must cause a puncture in the CSST.  *Kerin*, 2014 WL 67239, at *1; *see Compl.* [#1] ¶ 24.  Third, the CSST must then leak natural gas.  *See Compl.* [#1] ¶ 24.  Fourth, the natural gas

---

[3]  The odds of lightning striking a random home in a given year are approximately 1 in 200.  NATIONAL LIGHTNING SAFETY INSTITUTE, *Lightning Strike Probabilities* (Apr. 28, 2014), www.lightningsafety.com/nlsi_pls/probability.html.  Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment.  *Burns v. Mac*, No. 13-cv-2109-WJM-KLM, 2014 WL 1242032, at *6 (D. Colo. Mar. 26, 2014) (citing *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991)).  However, a Court may consider outside documents pertinent to a ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.* (citing *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000)).  Therefore, the Court may consider *Lightning Strike Probabilities* because it is an outside document pertinent to this Rule 12(b)(1) recommendation.

6

must then ignite surrounding materials. *See id.* Because these are best characterized as "possible future" events rather than definite events that will lead to "certainly impending" injury, Plaintiff's allegations are insufficient. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) ("[W]e have repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not sufficient."); *Ex. B.* [#35-2] (*Hall v. Omega Flex, Inc.*, No. 13-61213-CIV-DIMITROULEAS, at *7 (S.D. Fla. Jan. 17, 2014) (holding that because the plaintiffs merely alleged that CSST *may* cause injury under certain circumstances, they failed to allege a "certainly impending" injury)). Additionally, Plaintiff concedes that the lightning strike risk can be addressed if the CSST in her home is properly bonded to the building's grounding electrode in accordance with the National Electric Code and the National Fuel Gas Code. *Compl.* [#1] ¶ 25. Therefore, because of the unlikely odds of lightning triggering the CSST to cause a fire and Plaintiff's ability to reduce the risk of injury by adhering to federal electrical requirements, she fails to sufficiently allege that a "certainly impending" threatened injury exists. *See Lujan*, 504 U.S. at 606 n.2 (stating that an injury is not certainly impending when "the plaintiff alleges an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control"); *Kerin*, 2014 WL 67239, at *1 ("The possibility of some negative consequences arising from [a potential lightning strike] is so speculative that it simply cannot provide a foundation for a claim in federal court that satisfies the requirements for Article III standing."). Accordingly, the Court **recommends** that pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's claims seeking relief for potential future injury resulting from a lightning strike be **dismissed without prejudice** for lack of standing. *Brereton v. Bountiful City Corp.*, 434

7

F.3d 1213, 1216-1217 (10th Cir. 2006) (recognizing the established rule that "where the district court dismisses for lack of jurisdiction . . ., the dismissal must be without prejudice").

Although Plaintiff fails to allege an injury in fact resulting from a potential lightning strike, she sufficiently alleges an injury in fact relating to economic harm for standing purposes. Specifically, she alleges that the CSST *has caused* and *will continue to cause* a diminution in the value of her home and loss of the benefit of her contractual bargain in purchasing the home. *Response* [#29] at 6-7. *See Warth v. Seldin*, 422 U.S. 490, 517-518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that [she] is a proper party to invoke judicial resolution of the dispute."); *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 722-723 (5th Cir. 2007) (holding that "[w]hether recovery for [economic harm emanating from the loss of the benefit of the bargain] is permitted under governing law is a separate question; it is sufficient for standing purposes"); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1162 (C.D. Cal. 2010) (holding, where the plaintiffs alleged that a defective throttle system caused a diminution in the market value of their cars, that "overpayment [or] loss in value . . . is sufficient to confer standing"). Accordingly, the Court finds that Plaintiff's claims seeking relief for economic harm should not be dismissed for lack of standing.

However, as noted above, Defendant also seeks to dismiss Plaintiff's claims under Rule 12(b)(6) because they insufficiently allege economic harm and are barred by the economic loss rule. The sufficiency of the allegations of harm is addressed below.

**B.      Fed. R. Civ. P. 12(b)(6)**

**1.      Strict Liability for Design and Manufacturing Defects**

Plaintiff asserts a strict liability claim against Defendant based on CSST's alleged design and manufacturing defects.   Specifically, Plaintiff alleges that: (1) Defendant designed and placed CSST into the stream of commerce, *Compl.* [#1] ¶ 47; (2) CSST was defective in design or manufacture when the product left Defendant's hands, *id.* ¶ 48; (3) the foreseeable risk from installing CSST exceeded any potential benefits associated with its design or manufacture, *id.*; (4) CSST reached Plaintiff and potential class members' homes without substantial change in condition and was unreasonably dangerous in light of a reasonable consumer's expectations, *id.* ¶ 49-50; (5) Defendant knew, or should have known, that CSST was inherently dangerous and unsafe because of its inability to adequately resist lightning strikes, *id.* ¶ 51; (6) Plaintiff and the class utilized CSST for the purposes and in the manner normally intended, *id.* ¶ 53; (7) CSST's alleged defects were a substantial factor in causing Plaintiff and the class damage and injury and increasing the risk of damage or injury, *id.* ¶ 55; and (8) Plaintiff and the class have suffered, and will continue to suffer, damages as a direct, proximate, and foreseeable result of the defective condition of CSST, *id.* ¶ 56. For purposes of the Court's Rule 12(b)(6) analysis, this claim is properly analyzed as two separate claims: one for strict liability based on design defects, and one for strict liability based on manufacturing defects.

Colorado has expressly adopted the doctrine of strict liability in tort, based on the Restatement (Second) of Torts § 402A. *Wollam v. Woright Med. Grp., Inc.*, No. 1:10-cv-3104-DME-BNB, 2012 WL 4510695, at *2 (D. Colo. Sept. 30, 2012) (citing *Union Supply Co. v. Pust*, 583 P.2d 276, 280 (Colo. 1980); *Hiigel v. Gen. Motors Corp.*, 544 P.2d 983, 987 (Colo. 1975)). "Applying strict liability to product manufacturing, Colorado recognizes 'three general areas of the manufacturing process that lead to strict liability claims: (1)

[p]hysical flaws due to improper manufacture; (2) inadequacies in [d]esign; and (3) inadequate [w]arnings concerning the hazards or proper methods for safe use." *Wollam*, 2012 WL 4510695, at *2 (quoting *Union Supply Co.*, 583 P.2d at 280 n.1).  Plaintiff here does not allege inadequate warnings as the basis for her strict liability claim.  Hence, the Court examines Plaintiff's claims for design defects and manufacturing defects below.

The law regarding strict liability for design defects is well-settled.

> To succeed on a strict liability claim for a design defect, Plaintiff[ ] must prove the following elements: (1) the product is in a defective condition unreasonably dangerous to the user or consumer; (2) the product is expected to and does reach the consumer without substantial change in the condition in which it is sold; (3) the design defect caused the plaintiff's injury; (4) the defendant sold the product and is engaged in the business of selling products; and (5) the plaintiff sustained damages.

*Id.* at *2 n.2 (quoting *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 536-537 (Colo.1997)); *see Helmer v. Goodyear Tire & Rubber Co.*, No. 12-cv-00685-RBJ-MEH, 2014 WL 1133299, at *2 (D. Colo. Mar. 21, 2014).

> Similarly, to succeed on a strict liability claim premised on a manufacturing defect, Plaintiff[ ] must prove: the defendant manufactured the product, engaged in the business of selling the product, and sold the product; the product was defective and, because of the defect, was unreasonably dangerous to a person who might reasonably be expected to use it; the product was defective at the time the manufacturer sold it; the product was expected to, and did, reach the user without substantial change; plaintiff was a person reasonably expected to use the product, was injured, and the product's defect caused plaintiff's injuries.

*Id.* (citing *Price v. Wilson Sporting Goods Co.*, No. Civ.A.03CV02639WYDOE, 2005 WL 1677512, at *3 (D. Colo. July 18, 2005)).

To support both claims of design defects and manufacturing defects, Plaintiff conclusorily alleges that CSST's presence in her home has reduced its economic value. *Response* [#29] at 7. However, she does not allege any facts supporting this conclusion. *See Khalik*, 671 F.3d at 1193 (holding that "to survive a motion to dismiss," the plaintiff must allege "some facts" supporting her conclusions); *Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 258-259 (3d. Cir. 2010) (holding that the plaintiff failed to allege that she bought a product that was worth less than the purchase price where she failed to allege that she would not have purchased the product had she known of the defect or other facts supporting that the defect diminished the product's value); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1092 (S.D. Ind. 2001) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 494-496 (3d. Cir. 2000)) (rejecting the notion that present economic harm or a reduction in property value has been alleged when it "necessarily is contingent upon the impact of events in the future which have not yet occurred"). For example, Plaintiff does not allege that she tried to sell her home to a particular buyer who offered a lower price because it contained CSST, or that an appraiser gave her home a lower valuation due to the presence of CSST, or that a study shows that homes with CSST are worth less than comparable homes without it. As a result, Plaintiff fails to sufficiently allege the injury for which she seeks redress; i.e. that the CSST's presence has economically devalued her home. Accordingly, the Court **recommends** that Plaintiff's strict liability claims be **dismissed without prejudice**. *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should not attach to a dismissal when the plaintiff

has made allegations "which, upon further investigation and development could raise substantial issues").

### 2.   Negligence for Design Defect and Failure to Warn

Plaintiff also asserts claims against Defendant for negligent design and negligent failure to warn.  First, with respect to negligent design, Plaintiff alleges that Defendant failed to perform adequate testing on CSST, which would have revealed the product's alleged defective design.  *See Compl.* [#1] ¶¶ 58-59.

"To establish a prima facie case for negligence, regardless of the specific theory, Colorado law requires a plaintiff to establish: [i] the existence of a legal duty owed by the defendant to the plaintiff; [ii] breach of that duty; and [iii] a sufficient causal relationship between the defendant's breach and the plaintiff's injuries." *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1115 (D. Colo. 2000) (citations omitted).  To adequately state a negligent design claim, Plaintiff must sufficiently allege facts supporting a causal relationship between CSST's presence in her home and the injury she claims has occurred, which is an economic devaluation of her home. *Harrison v. Leviton Mfg. Co.*, No. 05-CV-0491, 2006 WL 2990524, at *2 (N.D. Okla. Oct. 19, 2006) (quoting *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 (10th Cir. 2005) (recognizing that strict liability and negligence claims are not meant to preemptively prevent injury, but, rather, are designed to provide a legal theory to address injuries that have already occurred).  As stated in Section III.B.1, because Plaintiff fails to allege facts to support the existence of an economic devaluation of her home as a result of the CSST's presence, she fails to sufficiently allege a negligent design claim against Defendant. *See Khalik*, 671 F.3d at 1193 (holding that "to survive a motion to dismiss," the plaintiff must allege "some facts" supporting her conclusions);

*Koronthaly*, 374 F. App'x at 258-259;  *Elvig v. Nintendo of Am. Inc.*, No. 08-cv-02616-MSK-MEH, 2010 WL 3803814, at *6 (D. Colo. Sept. 10, 2010) (dismissing the plaintiff's design defect claim and stating that a plaintiff must allege that the defective product is unreasonably dangerous, the defect caused the plaintiff's injury, and the plaintiff sustained damages as a result).  Accordingly, the Court **recommends** that Plaintiff's negligent design claim be **dismissed without prejudice**.  *Reynoldson*, 907 F.2d at 127.

Additionally, Plaintiff asserts a negligent failure to warn claim based on Defendant's alleged failure to provide adequate warnings about CSST's unreasonably dangerous and defective condition or the alleged increase in risk of injury as a result of its presence.  *See Compl.* [#1] ¶¶ 69-70.  When analyzing a negligent failure to warn claim, the general rule as to a supplier's duty to warn of known dangers in the ordinary use of its product is set forth in Restatement of Torts (Second), § 388:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier:
>
> (a) knows  or  has  reason to know that the chattel is or is likely  to  be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is  supplied  will  realize  its  dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*Tate v. Statco Eng'g & Fabricators, Inc.*, No. 12-CV-0002-JHP, 2013 WL 6185476, at *5 (E.D. Okla. Nov. 25, 2013).

13

Put differently, even when a product is not defective as to its design or manufacture, "a manufacturer or seller may be strictly liable to users of a product when the failure to provide adequate warnings renders the product defective and unreasonably dangerous." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 199 (Colo. 1984); *see also Fibreboard Corp. v. Fenton*, 845 P.2d 1168, 1173 n.10 (Colo. 1993) ("In failure-to-warn cases it is the lack or insufficiency of a warning that makes a product both defective and unreasonably dangerous."). "The purpose of a warning is to ensure that an otherwise dangerous product is used in a reasonably safe manner." *Camacho v. Honda Motor Co., Ltd.*, 741 P.2d 1240, 1248 (Colo. 1987). The burden is on the plaintiff to allege that the defendant gave inadequate warnings of the danger which proximately caused the injury. *Hiigel*, 544 P.2d at 63; *Peterson v. Parke Davis & Co.*, 705 P.2d 1001, 1004 (Colo. App. 1985).

In order for a failure to warn claim to succeed, Plaintiff must allege that the failure to warn led to use of the product that caused physical harm. Because Plaintiff here fails to allege any "physical harm" from use of the CSST, she fails to sufficiently allege a negligent failure to warn claim. *See Hawkinson v. A.H. Robins Co. Inc.*, 595 F. Supp. 1290, 1309-1310 (D. Colo. 1984) ("One engaged in the business of selling chattels . . . is subject to liability for *physical harm* to a consumer of the chattel caused by justifiable reliance upon [a] misrepresentation.") (emphasis added). Accordingly, the court **recommends** that Plaintiff's negligent failure to warn claim be **dismissed with prejudice**. *Brereton*, 434 F.3d 1213, 1216-1217 (10th Cir. 2006) (holding dismissal on the merits of the complaint is ordinarily with prejudice) .

14

## IV. Conclusion

The Court need not address Defendant's argument regarding the economic loss rule, as Plaintiff's claims are deficient for the reasons set forth above.  Accordingly, the Court respectfully **RECOMMENDS** that Defendant's Motion [#19] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's claims seeking relief based on the possibility of future injury be **DISMISSED WITHOUT PREJUDICE** for lack of standing.

IT IS FURTHER **RECOMMENDED** that pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's negligent failure to warn claim be **DISMISSED WITH PREJUDICE** for failure to state a claim, and Plaintiff's strict liability claims for design and manufacturing defects be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-148 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999);  *Talley v. Hesse*, 91 F.3d 1411, 1412-1413 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review

15

by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).


Dated:  May 30, 2014                    BY THE COURT:

                                        Kristen L.  Mix
                                        United States Magistrate Judge