IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-01720-MSK-BNB

KRISTIN MARIANI, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

TITEFLEX CORPORATION,

    Defendant.

## OPINION AND ORDER ADOPTING RECOMMENDATION
## AND GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court on the Recommendation **(#36)** of the Magistrate Judge that the Defendant Titeflex Corporation's Motion to Dismiss **(#19)** be granted. The Defendant filed timely Objections **(#38)** to the Recommendation. The Plaintiff, Kristin Mariani, did not respond.

Ms. Mariani brings this action on behalf of herself and a class of all similarly situated property owners in Colorado. According to the Complaint **(#1)**, the Defendant manufactured, distributed, and supplied Gastite corrugated stainless steel tubing ("CSST") throughout the United States, including the State of Colorado. CSST is an ultrathin piping used to transport natural gas within structures. The Complaint alleges that the Defendant improperly designed and manufactured Gastite because the pipe's thin walls are susceptible to perforation and failure during a lightning strike to, or nearby, a structure in which Gastite is present. This can cause fire, damage, and detonation of the structure. It is further alleged that despite knowing the risks and defects associated with Gastite, the Defendant has advertised Gastite as safe, reliable, and cost-effective.

Gastite was installed in Ms. Mariani's home before she purchased it in 2012. She asserts that the presence of Gastite in her home puts her house at "an unreasonable risk of fire due to lightning strikes." She brings the following products liability claims: (1) strict liability for the defective design and manufacturing of Gastite; (2) negligence for failing to appropriately test Gastite before introducing it into the stream of commerce; and (3) negligence for failing to warn consumers of the dangers associated with Gastite. Ms. Mariani seeks compensatory damages, attorney fees, and costs.

The Defendant moves to dismiss Ms. Mariani's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It argues that Ms. Mariani does not allege an injury in fact and therefore she does not have standing to assert her claims. The Defendant also argues that Ms. Mariani fails to state a claim for which relief can be granted.

The matter was referred to the Magistrate Judge, who recommends that the Defendant's motion to dismiss be granted. The Magistrate Judge found that Ms. Mariani lacks standing to seek prospective relief because allegations of future injury are too speculative. The Magistrate Judge also concluded, however, that Ms. Mariani has standing to seek damages for a "diminution of value of her home and loss of the benefit of her bargain" due to Gastite being present in her home. Although the Magistrate Judge found that Ms. Mariani has standing, he recommends that all claims be dismissed for failure to state a claim under Rule 12(b)(6).

The Defendant filed timely Objections to the Recommendation, arguing that the Recommendation improperly concluded that Ms. Mariani has standing. It contends that the claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), rather than under Rule 12(b)(6). Ms. Mariani did not respond to the Defendant's objections.

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Although the Defendant made timely objections and the parties have provided extensive argument with regard to standing, the Court finds it unnecessary to resolve that issue. Neither party objects to the Magistrate Judge's findings that the claims should be dismissed under Rule 12(b)(6). The Court agrees with those findings. Generally, dismissal under Rule 12(b)(6) warrants dismissal with prejudice. However, consonant with the Defendant's contention that the Plaintiff lacks standing (which results in dismissal without prejudice), the claims here are dismissed without prejudice.

For the forgoing reasons, the Court **ADOPTS** the Recommendation **(#36)** that the Defendant's Motion to Dismiss **(#19)** be **GRANTED**. All claims are dismissed without prejudice. The Plaintiff is granted 14 days leave to amend the complaint. Failure to do so will result in closure of this case.

Dated this 10th day of July, 2014.

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
Chief United States District Judge